*Writ Awarded.*

---

# CHARLESTON

WARD v. MOORE *et al.*

Submitted June 13, 1906.    Decided November 27, 1906.

1. VENDOR AND PURCHASER—*Conveyance—Deficiency—Abatement in Price.*

   Where a purchaser of land seeks an abatement of the purchase money on the ground of a deficiency in the quantity of the tract, the burden is upon him to establish such deficiency, and unless he does so by sufficient evidence, no abatement can be decreed. (p. 616.)

Appeal from Circuit Court, Pocahontas County.

Bill by Wirt C. Ward against H. C. Moore and others. Decree for defendants, and plaintiff appeals.

*Modified and Affirmed.*

McNEIL & McNEIL and C. W. HARDING, for appellant.
L. M. McCLINTIC and H. S. RUCKER, for appellees.

SANDERS, JUDGE:

On the 10th day of July, 1901, Wirt C. Ward and Elihu Hutton conveyed to H. C. Moore, J. W. Lawton, J.C. Moorehead and R. W. Moorehead, the timber upon two certain tracts of land in Pocahontas county, for a stipulated sum, part of which was paid in cash, the residue being payable in two equal installments in one and two years. For the deferred payments the purchasers executed their notes to Ward, he retaining the usual vendors' lien to secure the same.

A portion of the purchase money, after the maturity of the

notes, remaining unpaid, Ward filed his bill in equity for the purpose of enforcing the vendor's lien. The defendants answered the bill, alleging a deficiency in the quantity of the two tracts of land, the timber upon which was conveyed to them, and claiming to be entitled to an abatement of a portion of the purchase money on account of such alleged deficiency. The plaintiff replied generally to the answer, and depositions were taken by both sides to the controversy. Upon a final hearing the court decreed an abatement from the purchase money in favor of the defendants, as prayed for in their answer, from which decree the plaintiff appealed.

As to whether or not this is such a case as would entitle the defendants, under their contract with the plaintiff, to an abatement from the purchase money paid for the timber, we are not called upon, from the state of the record, to determine, because we are met at the outset with the proposition that the defendants have not shown a deficiency in the quantity of the land. Therefore, it is unnecessary for us to deal with the question as to whether or not the sale was by the acre, or whether or not the plaintiff was guilty of actual or legal fraud in the transaction.

The defendants carry the burden of proof, and before a court of equity can decree to them an abatement from the purchase money on the ground that the land is deficient in quantity, it must be shown by them that there is a deficiency and what such deficiency is.

Upon a most careful consideration of the evidence, we fail to find sufficient evidence upon which to decree that there is a deficiency in the quantity of the land sold. We feel that the evidence relied upon is too indefinite, and falls short of that proof which should be required in cases of this character.

This being our conclusion, it is unnecessary to detail the evidence or argue the facts. To do so expounds no legal principle, and can certainly serve no good purpose, as it would not be useful in other cases.

The decree of the circuit court, in so far as it decrees an abatement of the purchase money, is reversed, and a decree here entered in favor of the plaintiff for the unpaid purchase money, with its accrued interest; and in all other respects said decree is affirmed.

*Modified and Affirmed.*